## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| VALERIE NELSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-00385-CG-N |
| | ) | |
| ANDREW M. SAUL, | ) | |
| *Commissioner of Social Security,*[1] | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Valerie Nelson, proceeding without counsel (or *pro se*) and *in forma pauperis* (*see* Doc. 3), brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI

---

[1] [1] On notice from the Defendant (*see* Doc. 25 at 1), Commissioner of Social Security Andrew M. Saul, as successor to Acting Commissioner Nancy A. Berryhill, is automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). (*See* https://www.ssa.gov/agency/commissioner.html & https://blog.ssa.gov/social-security-welcomes-its-new-commissioner (last visited Feb. 6, 2020)). This change does not affect the pendency of this action. See 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). The Clerk of Court is **DIRECTED** to update the docket heading accordingly.

of the Social Security Act, 42 U.S.C. § 1381, *et seq*.[2]  Upon consideration of the parties' briefs (Docs. 23, 25)[3] and the relevant portions of the administrative record (Doc. 18) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])"), the undersigned finds, and will recommend to the Court, that the Commissioner's final decision is due to be **AFFIRMED**.[4]

---

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. § 1382(a)." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

[3] For several reasons stated in the Court's order dated and entered April 12, 2019 (Doc. 22), the undersigned declined to consider Nelson's initial brief (Doc. 21) and ordered her to file a new one.  Nelson did not request reconsideration of that order or appeal it to the district judge, and instead timely filed a new brief (Doc. 23) as directed, which is her operative brief.  (*See* Doc. 24 ("The Commissioner is only to respond to the issues raised in Nelson's new brief (Doc. 23).  As stated in the Court's prior order, Nelson's initial brief (Doc. 21) will not be considered for a number of reasons discussed in that order.")).

[4]    The assigned District Judge has referred the parties' briefing to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a).  *See* S.D. Ala. GenLR 72(b); (7/7/2019 electronic reference).  The duties the Magistrate Judges of this Court are authorized to perform under the Court's local rules include "[p]rocessing and reviewing all suits instituted under any law of the United States providing for judicial review of final decisions of administrative officers or agencies on the basis of the record of administrative proceedings, and the preparation of a report and recommendation to the District Judge concerning the disposition of the case…" S.D. Ala. GenLR 72(a)(2)(W).

   After the parties' briefs were filed, the undersigned set this action for oral argument on August 12, 2019, beginning at 10:00 a.m., in accordance with paragraph 7 of the Social Security Scheduling Order (Doc. 5).  (*See* Doc. 26).  Copies of the order setting oral argument were mailed to Nelson by both regular and certified mail, but both were returned as undeliverable with the additional notation "unable to forward[,]" (*see* Docs. 27, 29), and Nelson did not appear for oral argument.  To date, Nelson has failed to update her address or otherwise file

# I.    *Background*

Nelson filed the subject applications for a period of disability, DIB, and SSI with the Social Security Administration ("SSA") on January 15, 2015. After they were initially denied, Nelson requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. A hearing was held on August 12, 2016. On August 30, 2017, the ALJ issued an unfavorable decision on Nelson's applications, finding her not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 102 – 119).

The Commissioner's decision on Nelson's applications became final when the Appeals Council denied her request for review of the ALJ's decision on January 4, 2019. (R. 1 – 6).[5] Nelson subsequently filed this action under §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final

---

anything else with the Court since filing her brief. *See* S.D. Ala. GenLR 83.5(b) ("Any person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and telephone number. A *pro se* party must promptly notify the Clerk of any change of address or telephone number. Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action or entry of judgment against a *pro se* defendant.").

[5] The Appeals Council initially denied Nelson's request for review on October 27, 2017. (*See* R. 92 – 96). In its notice issued January 4, 2019, the Appeals Council set aside that earlier denial to consider additional information, but then denied the request for review again.

decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.    *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894

F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable.  To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made.  That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[6]

---

[6] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must...tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here...reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper

---

more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo*

the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[7]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[8]

---

[7] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[8] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established

that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III.   *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Nelson met the applicable insured status requirements through June 30, 2020, and that she had not engaged in substantial gainful activity since the alleged disability onset date, April 20, 2014.

(R. 107).[9]   At Step Two, the ALJ determined that Nelson had the following severe impairments: diabetes mellitus, diabetic peripheral neuropathy, bilateral carpal tunnel syndrome, hypertension, migraine headaches, obesity, anxiety, and depression.  (R. 107 – 109).  At Step Three, the ALJ found that Nelson did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1.  (R. 109 – 111).

At Step Four,[10] the ALJ determined that Nelson had the residual functional

---

[9] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured.  42 U.S.C. § 423(a)(1)(A) (2005).  For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file.  20 C.F.R. § 416.202–03 (2005)."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

[10] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).

> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

> In determining whether [a claimant] can return to her past relevant

capacity (RFC) "to perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[,]" [11] with the following limitations: "She is precluded from pushing and pulling foot controls, as well as exposure to unprotected heights[;] can frequently handle and finger[; and] can perform simple, routine tasks in two-hour increments with normal breaks for the duration of an eight-hour workday." (R. 111 – 117). Based on the RFC, the ALJ determined that Nelson was unable to perform past relevant work as a medical coder. (R. 117). At Step Five, after considering testimony from a vocational expert,[12] the ALJ found that there exist a significant number of other jobs in the national economy that Nelson could perform given her RFC, age, education, and work experience. (R. 117 – 119). Thus, the ALJ found that Nelson was not disabled under the Social Security Act. (R. 119).

---

> work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

[11] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. §§ 404.1567, 416.967.

[12] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

# IV.   *Analysis*

Nelson's brief raises several claims of reversible error, none of which merit any relief.[13]   First, she appears to argue that she should be found disabled because her medical conditions have worsened since the ALJ issued her unfavorable decision.   (*See* Doc. 23, PageID.1658 ("Medical Impairment are [sic] listed as be [sic] 'severe.'   The severeness [sic] of these medical conditions have further decline and has become further impired [sic] affect each highlighted as noted in the DDS Listing of Impairments – Adult Listing…")).   However, courts "review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (per curiam).   Therefore, evidence that a claimant's impairments have worsened after the date of an ALJ's unfavorable decision is not relevant to review of that decision.   *See id.* ("The ALJ's decision in this case was rendered on March 28, 1995. While Dr. Felten's opinion one year later may be relevant to whether a deterioration in Anastasia's condition subsequently entitled her to benefits, it is simply not probative of any issue in this case."); *Hubbard v. Comm'r of Soc. Sec.*, 618 F. App'x 643, 651 (11th Cir. 2015) (per curiam) (unpublished) ("The ALJ's decision in this case was rendered on November 30, 2012. Therefore, the medical records from 2013 and 2014, purportedly showing a

---

[13] The undersigned is mindful that a "document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).   "Yet even in the case of pro se litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."   *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

worsening of Hubbard's conditions, are not relevant to the issues in this appeal, even if they may be relevant should Hubbard file another application for disability benefits based on the period after the conclusion of the agency proceedings in this case, as indicated in the Appeals Council's decision." (citation and footnote omitted)); *Lindsey v. Comm'r of Soc. Sec.*, 741 F. App'x 705, 712 (11th Cir. 2018) (per curiam) (unpublished) ("The district court also did not err in determining that Lindsey's newly-discovered records from April 2016 through January 2017 were not material.  First, none of the records from April 2016 to January 2017 are chronologically relevant, as they relate only to Lindsey's treatment after the ALJ's decision and do not change the picture of what his symptomology was like before the ALJ's decision.  The records merely show that Lindsey suffered several episodes of decompression requiring extended periods of hospitalization *after* the ALJ's decision. *Wilson*, 179 F.3d at 1279." (some citations omitted)).

Second, Nelson argues that a note from Dr. Tiffany Long dated August 2, 2016, detailing "NCV & EMG Findings" (Doc. 23, PageID.1664) is "conclusive of her complaint of impairment due to pain and decline of severe decline [sic] of impairment[,]" and "is proof [Nelson] is more than 'partially credible' as stated by assessment."  (*Id.*, PageID.1658-1659).  Dr. Long's note was part of the administrative record considered by the ALJ (*see* R. 702), and Nelson has failed to show that the ALJ did not give it proper consideration.  Dr. Long's note diagnosed "moderate severity bilateral carpal tunnel syndrome," "mild to moderate left ulnar neuropathy," and "diffuse axonal sensorimotor polyneuropathy."  (R. 702); the ALJ

found both "diabetic peripheral neuropathy" and "bilateral carpal tunnel syndrome" to be severe impairments at Step Two. Relatedly, Nelson also appears to assert that she should have been found disabled because she "has permanent irreversible damage to two major organs (stomach and eyes)." (Doc. 23, PageID.1668).

However, "the mere existence of ... impairments does not reveal the extent to which they limit [a claimant's] ability to work[,]" *Moore*, 405 F.3d at 1213 n.6, and a Step-Two determination that an impairment is "severe" is not conclusive of disability. Rather,

> Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal.

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). *See also Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.").[14]

---

[14] Nelson also attaches a medical note dated October 5, 2018 (Doc. 23, PageID.1661-1662) listing her prescribed medications as further proof of disability. This note was created after the ALJ's August 30, 2017 unfavorable decision but before the Appeals Council's January 4, 2019 denial of review. However, the undersigned declines to consider the October 5, 2018 note because it was not included in the administrative record as part of the evidence submitted to the Appeals Council.

As Nelson was previously informed (*see* Doc. 22, PageID.1653), on judicial

Nelson also conclusorily claims that both the ALJ and the Appeals Council denied her application "based upon discrimination and bias…" (Doc. 23, PageID.1668). It is true that "[t]he ALJ plays a crucial role in the disability review process. Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (per curiam). However, "[b]ecause we presume that the administrative law judge is unbiased, 'the burden of establishing a disqualifying interest rests on' " the Social Security claimant. *Wells v. Soc. Sec. Admin., Comm'r*, 777 F. App'x 429, 433 (11th

---

review of an unfavorable Social Security determination, the reviewing court is generally limited to the certified record of the administrative proceedings provided by the Commissioner. *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam).

Sentence six of [42 U.S.C. §] 405(g) provides **the sole means** for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court:

> The court may … at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g).

*Ingram*, 496 F.3d at 1267 (emphasis added). In order to be entitled to a remand under sentence six of § 405(g) based on new evidence not presented at the administrative level, Nelson "must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) (quotation omitted). Nelson has not attempted to make such a showing.

Cir. 2019) (per curiam) (unpublished) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)).   "In other words, [a claimant] has to 'overcome a presumption of honesty and integrity in ... [his] adjudicator[ ] [by presenting evidence to] convince that, under a realistic appraisal of psychological tendencies and human weakness, ... [the] individual[ ] poses such a risk of actual bias or prejudgment that the practice must be forbidden....." *Id.* (quoting *Schweiker v. McClure*, 456 U.S. 188, 195–96, 102 S. Ct. 1665, 72 L. Ed. 2d 1 (1982)).   Here, Nelson's claim of "discrimination and bias" appears premised on nothing more than her disagreement with the ALJ's and Appeals Council's decisions.   "Challenges to adverse rulings are generally grounds for appeal, not recusal."   *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009).   "[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal[,]" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam), and Nelson has cited nothing specific in the record that could reasonably be construed as evidencing "discrimination" or "bias."

Next, Nelson argues that the ALJ got her age "completely wrong."   (Doc. 23, PageID.1668).   At Step Five, the ALJ stated that Nelson "was 38 years old" (R. 117), but Nelson would have actually been 41 at the time the ALJ issued her decision on August 30, 2017.   However, the Social Security regulations classify a claimant under age 50 as a "younger person," for whom the Commissioner "generally [will] not consider that [the claimant's] age will seriously affect [her] ability to adjust to other work[,]" though "in some circumstances, [the Commissioner will] consider that

persons age 45–49 are more limited in their ability to adjust to other work than persons who have not attained age 45." 20 C.F.R. § 404.1563(c). Because the Social Security regulations would have treated Nelson the same even if the ALJ had correctly calculated her age as 41, this error was harmless. See *Burgos v. Acting Comm'r of Soc. Sec.*, 705 F. App'x 794, 801 (11th Cir. 2017) (per curiam) (unpublished) ("[A]n error is harmless if it does not affect the Commissioner's ultimate decision." (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

Nelson also complains that she "was never recommended to be seen bye [sic] the SSA's own medical examiners." (Doc. 23, PageID.1668). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision[,]" *Ingram*, 496 F.3d at 1269, and Nelson has given the undersigned no reason to find that the evidence of record was so deficient that the ALJ was required to order a consultative examination.

Finally, Nelson claims that "[t]he entire record and Findings of Fact presented by the ALJ is erroneous and should be fully reviewed by this Honorable Court because it contains multiple errors dealing with the condition of the plaintiff…" (Doc. 23, PageID.1668). The Court, however, should decline to consider this last-ditch "catch-all" claim of error. "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, [courts] follow the principle of party presentation. That is, [courts] rely on the parties to frame the issues for

decision and [take on] the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). "As a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief[,]" *id.* at 244 (quotation omitted), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). "[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue…" *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). *Accord Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument (citing *Singh*, 561 F.3d at 1278–79). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). Moreover, when reviewing final decisions of the Commissioner, courts are not to conduct *de novo* proceedings, *Owens*, 748 F.2d at 1516, and they "may not decide the

facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Winschel*, 631 F.3d at 1178 (quotation omitted) (alterations added).[15]

In sum, Nelson has failed to demonstrate any reversible error in the Commissioner's final decision. Accordingly, the Commissioner's final decision denying Nelson's applications is due to be **AFFIRMED**.

## V.   *Conclusion and Recommendation*

Under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(W), and in accordance with the foregoing analysis, it is **RECOMMENDED** that the Commissioner's final decision denying Nelson's January 15, 2015 applications for a period of disability, DIB, and SSI be

---

[15] Relatedly, Nelson claims the ALJ failed to consider "factual findings of the Certified M.D.'s,Physicians[,]" and that the ALJ "did not take into account that an outside physician who had no affiliation with the case rightfully agreed with all findings stating that [Nelson] is permanently disabled." (Doc. 23, PageID.1668). However, the ALJ decision reflects that she considered and assigned weight to the various medical opinions of record (*see* R. 115 − 116). Nelson does not raise any specific claim of error in the ALJ's analysis (apart from disagreeing with it), and an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam). Moreover, "nothing in the regulations requires the ALJ to accept at least one medical opinion before rendering a decision—indeed, an ALJ may make a disability determination without any medical opinion in the record." *Fox v. Colvin*, No. CV 15-00190-N, 2016 WL 1588512, at *8 (S.D. Ala. Apr. 20, 2016) (Nelson, M.J.) (quotation omitted) (citing cases). *See also Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). Additionally, a "statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

**AFFIRMED** under sentence four of 42 U.S.C. § 405(g), and that final judgment be issued accordingly in favor of the Commissioner under Federal Rule of Civil Procedure 58.

**DONE** this the 6th day of February 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.